UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

CURTIS FULLER,

                    Plaintiff,                     Case No. 2:12-cv-368

v.                                          Honorable R. Allan Edgar

DENISE GERTH et al.,

                    Defendants.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff presently is incarcerated at the Ionia Maximum Correctional Facility but complains of events that occurred at the Alger Correctional Facility (LMF).  In his *pro se* complaint, Plaintiff sues the following LMF employees:  Assistant Resident Unit Supervisors Denise Gerth and Peggy A. Carberry, Resident Unit Manager Denver McBurney, Legal Coordinator Ann Barsch and Warden David Bergh.

On October 26, 2006, Plaintiff received a summons and complaint from the Marquette County Circuit Court to serve upon a defendant in his state-court action.  On January 7, 2007, Plaintiff gave the documents to another prisoner, Leon Percival, to complete the service of process.

On January 18, 2007, Defendants McBurney and Carberry interrogated Plaintiff about the summons and complaint.  Those Defendants mentioned that Defendant Gerth opened Percival's mail and removed those documents from its envelope.  When Plaintiff asked why Defendants were interested in his state-court action, Defendants McBurney and Carberry indicated that they did not like prisoner Percival and all of his legal filings.  Before leaving, Defendants McBurney and Carberry stated that they would be watching Plaintiff more closely.  After the incident, Plaintiff alleges that Defendants McBurney and Carberry made false statements about Plaintiff around other prisoners so that those prisoners would harass Plaintiff.

On January 18, 2007, Plaintiff received a note from prisoner Percival that Defendants Gerth and Barsch opened Plaintiff's legal mail and removed the summons and complaint.  Soon thereafter, Plaintiff received a notice that his state-court action had been dismissed due to the failure to serve the summons and complaint in accordance with state law.

Since Plaintiff began working with prisoner Percival, Plaintiff claims that Defendants McBurney and Carberry have hindered his ability to prepare and mail his legal documents.  First, Defendants allegedly denied paper and pens to Plaintiff.  Plaintiff claims that they also denied Plaintiff access to the typing room in the segregation unit.  Plaintiff finally argues that Defendants McBurney and Carberry refused to send out Plaintiff's mail, including several legal documents to prisoner Percival on November 26, 2007.

Plaintiff claims that Defendant Gerth harassed Plaintiff by performing strip searches of Plaintiff's body and searches of Plaintiff's cell.  Plaintiff also asserts that Gerth fabricated misconduct reports against Plaintiff.  Moreover, Plaintiff claims that he was wrongfully moved to a mentally ill housing unit at LMF.

Plaintiff filed several grievances against Defendants.  Plaintiff alleges that Defendants Bergh, McBurney, Carberry and Gerth falsified their responses to Plaintiff's grievances.  Plaintiff also argues that those Defendants denied food trays, yard time, and showers to Plaintiff in order to harass him and stop him from pursuing his grievances and civil rights actions.

In summary, Plaintiff claims that certain Defendants retaliated against him in violation of his First Amendment rights and denied his First Amendment right to access the courts.  Plaintiff also argues that several Defendants violated his Eighth Amendment rights and his Fourteenth Amendment rights.  Moreover, Plaintiff argues that Defendants conspired to violate his constitutional rights.

Plaintiff requests monetary damages and injunctive and declaratory relief.

**Discussion**

Plaintiff's action is barred by the applicable statute of limitations.  State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action.  *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely.  He asserts claims arising in 2006 and 2007.  Plaintiff had reason to know of the "harms" done to him at the time they occurred.  Hence, his claims accrued in 2006 and 2007.  However, he did not file his complaint until September 2012, well past Michigan's three-year limit.  Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*,

---

[1]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute.  *Id.* at 382.

939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Dated:         11/20/2012                             */s/ R. Allan Edgar*
                                                      R. Allan Edgar
                                                      United States District Judge